# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| LIONRA TECHNOLOGIES LTD., <br><br> Plaintiff, <br><br> v. <br><br> CROWDSTRIKE HOLDINGS, INC. and CROWDSTRIKE, INC., <br><br> Defendants. | Case No. 1:23-cv-928 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Lionra Technologies Limited ("Plaintiff" or "Lionra") makes the following allegations against Defendants CrowdStrike Holdings, Inc. and CrowdStrike, Inc. ("Defendants" or "CrowdStrike"):

## INTRODUCTION

1. This complaint arises from CrowdStrike's unlawful infringement of the following United States patent owned by Plaintiff, which relates to improvements in secure computing systems: United States Patent No. 9,264,441 ("the '441 Patent") (the "Asserted Patent").

## PARTIES

2. Plaintiff Lionra Technologies Limited is a private company limited by shares organized and existing under the laws of Ireland, with its principal place of business at The Hyde Building, Suite 23, The Park, Carrickmines, Dublin 18, Ireland. Lionra is the sole owner by assignment of all rights, title, and interest in the Asserted Patent, including the right to recover damages for past, present, and future infringement.

3. Defendant CrowdStrike Holdings, Inc. is a Delaware corporation with its principal place of business at 206 E. 9th Street, Suite 1400, Austin, Texas 78701. On information and belief, CrowdStrike Holdings, Inc. is responsible for importing, making, marketing, distributing, offering for sale, and/or selling CrowdStrike software products in the United States (directly or through its wholly-owned subsidiaries, such as CrowdStrike, Inc.), including in this District.

4. Defendant CrowdStrike, Inc. is a Delaware corporation with its principal place of business at 150 Mathilda Place, Suite 300, Sunnyvale, CA 94086. Defendant CrowdStrike, Inc. maintains offices in this District, including at 206 E. 9th Street, Suite 1400, Austin, Texas 78701. Defendant CrowdStrike, Inc. is registered to do business in the State of Texas and may be served through its registered agent Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants in this action because Defendants have committed acts within this District giving rise to this action and have established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Defendants maintain a place of business within the State, including at 206 E. 9th Street, Suite 1400, Austin, Texas 78701. Defendants, directly and through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling software products that infringe the Asserted Patent. For example, CrowdStrike, Inc. is

registered to do business in the State of Texas, and has appointed as their registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, for service of process.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Defendants have transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patent. Defendants have a regular and established places of business in this District, including at 206 E. 9th Street, Suite 1400, Austin, Texas 78701. Defendant CrowdStrike, Inc. is also registered to do business within the State of Texas.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 9,264,441

8. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

9. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,264,441, titled "System and method for securing a network from zero-day vulnerability exploits." The '441 Patent was duly and legally issued by the United States Patent and Trademark Office on February 16, 2016. The '441 Patent is valid and enforceable. A true and correct copy of the '441 Patent is attached hereto as Exhibit 1.

10. Defendants make, use, offer for sale, sell, and/or import certain products, including without limitation CrowdStrike Falcon Platform (the "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '441 Patent.

Identification of the accused products will be provided in Plaintiff's infringement contentions pursuant to the Court's scheduling order.

11. The Accused Products satisfy all claim limitations of one or more claims of the '441 Patent. A claim chart comparing exemplary independent claim 11 of the '441 Patent to representative Accused Products is attached as Exhibit 2.

12. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendants have injured Plaintiff and are liable for infringement of the '441 Patent pursuant to 35 U.S.C. § 271(a).

13. Defendants also knowingly and intentionally induce infringement of one or more claims of the '441 Patent in violation of 35 U.S.C. § 271(b). At least as of the filing and service of this complaint, Defendants have knowledge of the '441 Patent and the infringing nature of the Accused Products through, for example, the '441 Patent claim chart served therewith. Despite this knowledge of the '441 Patent, Defendants continue to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website and materials cited in Exhibit 2) to use the Accused Products in ways that directly infringe the '441 Patent. For example, Defendants advertise the advanced security and monitoring features of the CrowdStrike Falcon Platform:

> If an adversary attempts a malware attack, CrowdStrike Falcon® Intelligence will automatically analyze the malware. The file is detonated in a safe and secure sandbox environment, and cross-referenced to massive databases in order to find related samples of that threat. Each step of this investigation is done for you, with no human intervention, and it takes just a few minutes. The results are integrated into other CrowdStrike modules, so for example, when you see Falcon Prevent stop malware from running, you can immediately pivot to the relevant threat intelligence to aid in your investigation or remediation. You can quickly discover whether an attack is one you will deal with just once, a commodity attack, or a targeted attack you can expect to persist over a longer period.

*   *   *

> All files quarantined by CrowdStrike Falcon® Prevent™ are automatically investigated by CROWDSTRIKE FALCON® INTELLIGENCE. Falcon Prevent automatically extracts quarantined files, based on user settings, and securely delivers the PE files (such as .EXEs, .DLLs, etc.) to the customer account in the Falcon Platform. CrowdStrike Falcon® Intelligence automatically performs analysis on the extracted files and generates customized intelligence. This automation results in breakthrough efficiency gains for security operations teams and ensures no threats are missed.

Ex. 3 (https://www.crowdstrike.com/products/threat-intelligence/falcon-intelligence-automated-intelligence/faq/). In addition, Defendants provide users with instructional materials, including demonstration videos on the CrowdStrike Falcon sandbox. Ex. 4 (https://www.crowdstrike.com/resources/videos/falcon-sandbox-demo/). Defendants provide these instructions, user manuals, and other materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '441 Patent, thereby specifically intending for and inducing its customers to infringe the '441 Patent through the customers' normal and customary use of the Accused Products.

14. Defendants have also infringed, and continue to infringe, one or more claims of the '441 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '441 Patent, are especially made or adapted to infringe the '441 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. At least as of the filing and service of this complaint, Defendants have knowledge of the '441 Patent and the infringing nature of the Accused Products through, for example, the '441 Patent claim chart served therewith. CrowdStrike has been, and currently is, contributorily infringing the '441 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, Defendants' Falcon Platform constitute a material part of the inventions claimed in the '441 Patent, are especially made or adapted to infringe the '441

Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 2.

15.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. §287 during the relevant time period because Plaintiff, its predecessors, and any licensees did not make, offer for sale, or sell products that practice(d) the '441 Patent during the relevant time period or were not required to mark during the relevant time period.

16.     As a result of Defendants' direct infringement of the '441 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

17.     As a result of Defendants' indirect infringement of the '441 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by CrowdStrike, together with interest and costs as fixed by the Court, accruing as of the time CrowdStrike obtained knowledge of the '441 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a.      A judgment in favor of Plaintiff that Defendants have infringed, either literally and/or under the doctrine of equivalents, the '441 Patent;

b.      A judgment and order requiring Defendants to pay Plaintiff its damages (past, present, and future), costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '441 Patent;

c.      A judgment and order requiring Defendants to pay Plaintiff compulsory ongoing

licensing fees, as determined by the Court in equity.

  d. A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the accused products;

  e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendants; and

  f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

  Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: August 7, 2023      Respectfully submitted,

                */s/ Brett E. Cooper*
                Brett E. Cooper (NY SBN 4011011)
                bcooper@bc-lawgroup.com
                Seth Hasenour (TX SBN 24059910)
                shasenour@bc-lawgroup.com
                Drew B. Hollander (NY SBN 5378096)
                dhollander@bc-lawgroup.com
                Jonathan Yim (NY SBN 5324967)
                jyim@bc-lawgroup.com

                BC LAW GROUP, P.C.
                200 Madison Avenue, 24th Floor
                New York, NY 10016
                Phone: 212-951-0100

                ***Attorneys for Plaintiff Lionra Technologies Limited***