IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Lionra Technologies Ltd.,**<br><br>Plaintiff,<br><br>v.<br><br>**CrowdStrike Holdings, Inc. and CrowdStrike, Inc.,**<br><br>Defendants. | Civil Action No.<br>1:23-cv-00928-DAE<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS**

October 16, 2023

**TABLE OF CONTENTS**

I. Introduction ................................................................................................................... 1

II. Legal Standard .............................................................................................................. 2

III. Argument ...................................................................................................................... 3

    A. The Court Should Dismiss Lionra's Complaint For Failure To Plausibly Plead That CrowdStrike's Accused Products Take Actions Based On Packets And Otherwise Meet Numerous Claim Limitations ............................................... 3

    B. The Court Should Dismiss Lionra's Indirect-Infringement Allegations For Failure To Plead Pre-Suit Knowledge Of The Patent-In-Suit ........................... 6

    C. The Court Should Dismiss The Complaint For Improper Group Pleading .......... 10

IV. Conclusion .................................................................................................................. 11

## **TABLE OF AUTHORITIES**

*Aguirre v. Powerchute Sports, LLC*,
   10-CV-0702, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ................................................. 8

*Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.*,
   709 F.3d 1348 (Fed. Cir. 2013) .............................................................................................. 4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................................... 2, 6

*Atlas Glob. Techs., LLC v. Sercomm Corp.*,
   638 F. Supp. 3d 721 (W.D. Tex. 2022) .................................................................................. 7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................... 2

*Betancourt v. New Century Mortg. Corp.*,
   16-CV-01855, 2017 WL 6611117 (E.D. Cal. Dec. 27, 2017) .............................................. 11

*BillJCo, LLC v. Apple Inc.*,
   583 F. Supp. 3d 769 (W.D. Tex. 2022) .................................................................................. 8

*Bot M8 LLC v. Sony Corp. of Am.*,
   4 F. 4th 1342 (Fed. Cir. 2021) ............................................................................................ 4, 6

*Canon U.S.A., Inc. v. F&E Trading LLC*,
   15-CV-6015, 2017 WL 4357339 (E.D.N.Y. Sept. 29, 2017) ............................................... 11

*Childers v. Lifestyles Unlimited, Inc.*,
   22-CV-2615, 2023 WL 3961702 (N.D. Tex. June 12, 2023) ............................................... 10

*Commil USA, LLC v. Cisco Sys., Inc.*,
   575 U.S. 632 (2015) ............................................................................................................... 6

*Ericsson, Inc. v. D-Link Sys., Inc.*,
   773 F.3d 1201 (Fed. Cir. 2014) .............................................................................................. 4

*Gurganus v. Furniss*,
   15-CV-03964, 2016 WL 3745684 (N.D. Tex. July 13, 2016) ............................................. 11

*Jamasek v. Acromed Corp.*,
   95-CV-7095, 1995 WL 733466 (N.D. Ill. Dec. 8, 1995) ..................................................... 11

*Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*,
   20-CV-008876, 2021 WL 3931910 (W.D. Tex. Sept. 1, 2021) ............................................. 7

*Sonos, Inc. v. Google LLC*,
 591 F. Supp. 3d 638 (N.D. Cal. 2022) ........................................................................................ 8

*Splunk Inc. v. Cribl, Inc.*,
 22-CV-07611, 2023 WL 2562875 (N.D. Cal. Mar. 17, 2023) ..................................................... 8

*Stokes v. OneWest Bank, F.S.B.*,
 14-CV-247, 2014 WL 5473193 (N.D. Tex. Oct. 28, 2014) ....................................................... 11

*Textile Computer Sys., Inc. v. Broadway Nat'l Bank*,
 620 F. Supp. 3d 557 (W.D. Tex. 2022)........................................................................................ 6

*USC IP P'ship, L.P. v. Facebook, Inc.*,
 20-CV-00555, 2021 WL 3134260 (W.D. Tex. July 23, 2021)..................................................... 7

*Wash. v. U.S. Dept. of Hous. & Urban Dev.*,
 953 F. Supp. 762 (N.D. Tex. 1996) ........................................................................................... 11

*Wilmington Tr. Co. v. Hellas Telecomms., S.à.r.l.*,
 12-CV-8686, 2016 WL 7339112 (S.D.N.Y. Aug. 4, 2016)....................................................... 11

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
 528 F. Supp. 3d 247 (D. Del. 2021) ............................................................................................ 9

Defendants CrowdStrike Holdings, Inc. and CrowdStrike, Inc. (collectively, "CrowdStrike") file this Rule 12(b)(6) Motion to Dismiss (the "Motion"), and respectfully show as follows:

## I.   INTRODUCTION

The Court should dismiss Plaintiff Lionra Technologies Ltd.'s ("Lionra") Complaint for Patent Infringement (the "Complaint") (ECF No. 1) for several reasons. *First*, the Court should dismiss the Complaint for implausibly alleging infringement of U.S. Patent No. 9,264,441 (the "'441 patent" or "patent-in-suit"). Every claim of the '441 patent is directed to, among other things, taking certain actions (e.g., receiving, comparing, storing, forwarding, analyzing, deleting, etc.) concerning a "packet" or "packets." The Complaint, however, fails to plausibly plead that CrowdStrike's accused products utilize packets as claimed in the '441 patent. Nor does the Complaint plausibly show how CrowdStrike's accused products purportedly satisfy numerous other limitations of the '441 patent. As such, the Court should dismiss the Complaint for failure to plausibly plead infringement (both direct and indirect infringement).

*Second*, the Court should dismiss Lionra's indirect-infringement claims (i.e., claims for induced and contributory infringement) as implausibly pled. To indirectly infringe a patent, the defendant must, among other things, know of the patent, as indirect-infringement claims are not strict-liability claims. Lionra's Complaint, however, does not plead that CrowdStrike had pre-suit knowledge of the patent-in-suit. Accordingly, the Court should dismiss Lionra's indirect-infringement claims as implausibly pled because, without knowledge of the patent-in-suit, CrowdStrike cannot indirectly infringe the patent.

*Third*, the Court should dismiss the Complaint for improper "group" pleading. Lionra has sued two CrowdStrike defendants—i.e., CrowdStrike Holdings, Inc. (a holding company) and

1

CrowdStrike, Inc. (an operating company). But rather than plead against each defendant individually, the Complaint lumps the two defendants together. This is improper because the Complaint fails to provide fair notice to each defendant as to Lionra's allegations. In short, the Court should not allow Lionra's claims to proceed against both defendants where Lionra has attempted to obscure its claims through deficient "group" pleading allegations.

## II.     LEGAL STANDARD

Rule 12(b)(6) allows a court to dismiss a claim if it fails to "state a claim upon which relief can be granted." Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" The plaintiff's obligation to provide the "grounds of [its] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted). Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the complaint must, at a minimum, "state a claim to relief that is plausible on its face." *Id*. at 555, 570. Where claims are only conceivable, but not plausible, the complaint must be dismissed. *Id*. at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully" and "more than an unadorned, the-defendant unlawfully-harmed-me accusation." *Id*. Pleading facts that are "merely consistent with a defendant's liability [] stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quotations and citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has

not 'show[n]'—'that the pleader is entitled to relief'" and dismissal is required. *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III.   ARGUMENT

#### A.   The Court Should Dismiss Lionra's Complaint For Failure To Plausibly Plead That CrowdStrike's Accused Products Take Actions Based On Packets And Otherwise Meet Numerous Claim Limitations

The Complaint alleges infringement of "exemplary independent claim 11" of the '441 patent. Claim 11 reads:

> 11. [Preamble] A non-transitory machine-readable medium comprising machine readable instructions that when executed by a processor perform a method, the machine readable instructions to cause the processor to:
>
> [a] **receive a plurality of packets** destined for an internal operating system;
>
> [b] **store the plurality of packets** in a buffer;
>
> [c] **forward a copy of each packet of said plurality of packets** to a virtual machine emulating said internal operating system;
>
> [d] monitor performance of said virtual machine in **processing the forwarded packets**;
>
> [e] **delete a packet of the plurality of packets** from the buffer upon a determination that **said packet** was stored in the buffer for a predetermined time period;
>
> [f] detect a failure of said virtual machine; and
>
> [g] **analyze said packets** in said buffer and identify **said malicious packet** from **said buffer packets** in response to detecting the failure of said virtual machine; and
>
> [h] **create a malicious packet signature** based upon the **identified malicious packet**.

ECF No. 1-1, '441 patent, cl. 11 (emphases and limitation brackets added). Every claim of the '441 patent includes these types of "packet" limitations. *Id.* at cls. 1-15.

"[A] plaintiff ***cannot*** assert a plausible claim for infringement under the *Iqbal/Twombly* standard ***by reciting the claim elements and merely concluding that the accused product has***

3

*those elements*. There must be *some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim*." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F. 4th 1342, 1353 (Fed. Cir. 2021) (emphases added). To directly infringe a patent, the accused product (or method) must contain (or perform) *each and every* limitation (or step) of the claim, either literally or under the doctrine of equivalents. *See, e.g.*, *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1215 (Fed. Cir. 2014); *Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.*, 709 F.3d 1348, 1362 (Fed. Cir. 2013).

**Packet Limitations.** In this case, the Complaint fails to plausibly show that CrowdStrike's accused products satisfy the '441 patent's "packet" limitations. More particularly, the Complaint states that the "Accused Products"—defined as "certain products, including without limitation CrowdStrike Falcon Platform"—"directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '441 Patent." Compl. ¶ 10. The Complaint attaches, as Exhibit 2, "[a] claim chart comparing exemplary independent claim 11 of the '441 Patent to representative Accused Products." *Id.* ¶ 11. But neither the Complaint itself nor the Exhibit 2 "claim chart" plausibly show how CrowdStrike infringes any of the '441 patent's "packet" limitations.

For example, the Complaint does not use the word "packet" and the "claim chart," when attempting to plead infringement of claim 11, does not point to any packet used in any accused CrowdStrike product. Instead, the "claim chart" simply parrots claim 11's limitations—e.g., "[t]he Accused Instrumentalities receive a plurality of packets destined for an internal operating system"; "[t]he ccused [sic] Products store the plurality of packets in a buffer"; and "[t]he Accusd [sic] Products forward a copy of each packet of said plurality of packets to a virtual

4

machine emulating said internal operating system." ECF No. 1-2, Compl., Ex. 2 ("claim chart") at 5, 9.

When purporting to offer "proof" of CrowdStrike's infringement, the "claim chart" cites to certain CrowdStrike publicly available information that does not reference any packets. Instead, the purported CrowdStrike products or functionality accused of infringement operate on *files*, not packets. *Id.* at 2 ("The file is detonated in a safe and secure sandbox environment[.]"), 3 ("All files quarantined by CrowdStrike Falcon Prevent are automatically investigated by CROWDSTRIKE FALCON INTELLIGENCE."), 4 ("In addition, Falcon Sandbox analyzes over 40 different file types that include a wide variety of executables, document and image formats, and script and archive files."). Lionra does not allege, much less plausibly show, how CrowdStrike's products' use of files satisfies any of the '441 patent's "packet" limitations.[1]

**Other Claim Limitations.** The Complaint fails to plausibly allege infringement of additional limitations of Claim 11. For example:

- Element 11[b] requires storing the plurality of packets "in a buffer." Lionra, however, does not point to any buffer in CrowdStrike's accused products. Instead, Lionra simply parrots the claim language (i.e., "Falcon Platform stores the plurality of packets in a buffer") and cites a screenshot from CrowdStrike's websites about quarantined files (not packets stored in a buffer). ECF No. 1-2, Compl., Ex. 2 ("claim chart") at 9.

- Element 11[c] requires "forward[ing] a copy of each packet" to a virtual machine. Here again, Lionra parrots the claim language, but fails to identify anything in CrowdStrike's accused products that forwards a copy of each packet to a virtual machine. *Id.* at 9-11.

- Element 11[d] requires "monitor[ing] performance of said virtual machine in processing the forwarded packets." Lionra similarly fails to plausibly show how CrowdStrike's accused products monitor performance of a virtual machine in processing the forwarded packets. *Id.* at 11-12.

---

[1] Nor could Lionra, as the '441 patent's file history disclaimed non-packet-based products. *See, e.g.*, Ex. A, May 17, 2011 Amendment at 11 (arguing that claimed invention is packet-specific, in contrast to prior art).

5

- Element 11[e] requires "delet[ing] a packet of the plurality of packets from the buffer." Lionra points to nothing that plausibly shows this limitation in CrowdStrike's accused products. *Id.*

- Element 11[g] requires "analyz[ing] said packets in said buffer and identify[ing] said malicious packet from said buffer packets in response to detecting the failure of said virtual machine." Here again, the Lionra-cited screenshots do not address analyzing packets in a buffer and identifying a malicious packet from the buffer packets in response to detecting the failure of a virtual machine. *Id.* at 21-22.

As such, the Court should dismiss the Complaint for not plausibly alleging infringement. *Iqbal*, 556 U.S. at 679; *Bot M8*, 4 F. 4th at 1353.

### B. The Court Should Dismiss Lionra's Indirect-Infringement Allegations For Failure To Plead Pre-Suit Knowledge Of The Patent-In-Suit

To state a claim for **induced infringement** (under 35 U.S.C. § 271(b)), Lionra must first adequately identify an act of direct infringement. *See, e.g.*, *Textile Computer Sys., Inc. v. Broadway Nat'l Bank*, 620 F. Supp. 3d 557, 564 (W.D. Tex. 2022). As described in Section III.A, above, Lionra failed to adequately plead direct infringement, and its indirect-infringement allegations necessarily fail for at least the same reason. For induced-infringement purposes, the complaint must **also** plausibly plead that the defendant (i) knew of the patent, (ii) knowingly induced the infringing acts, and (iii) possessed a specific intent to encourage another's infringement of the patent. *Textile Computer*, 620 F. Supp. 3d at 565. "[L]iability for induced infringement can only attach if the defendant knew of the patent and knew as well that the induced acts constitute patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 640 (2015) (citation and quotation omitted).

For **contributory-infringement** (35 U.S.C. § 271(c)) purposes, "[a] complaint only satisfies the elements of contributory infringement by alleging that: (1) defendant had knowledge of the patent; (2) defendant sold products especially made for infringing use; (3) defendant had knowledge of the infringing use; (4) the products had no substantial noninfringing use; and (5)

6

there exists an underlying act of direct infringement." *Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*, 20-CV-008876, 2021 WL 3931910, at *5 (W.D. Tex. Sept. 1, 2021). As with induced infringement, Lionra must plausibly show an instance of direct infringement. *Id.* Because Lionra has not (*see* Section III.A, above), the Court should dismiss Lionra's contributory-infringement claim. For contributory-infringement purposes, as with induced infringement, the defendant must **also** have knowledge of the patent, as well as knowledge of the product's infringing use. *Monolithic Power*, 2021 WL 3931910, at *5.

Here, the Complaint fails to plausibly plead induced and contributory infringement because the Complaint does <u>not</u> contain any allegation that CrowdStrike knew of the patent-in-suit **before** the filing and service of Lionra's Complaint. *See* Compl. ¶¶ 13, 14 ("At least as of the filing and service of this complaint, Defendants have knowledge of the '441 Patent and the infringing nature of the Accused Products through, for example, the '441 Patent claim chart served therewith.").

It is well established that alleging ***post-suit*** knowledge of the patent is ***insufficient*** to establish ***pre-suit*** indirect infringement, such that the Court should dismiss Lionra's ***pre-suit*** indirect-infringement claims. *See, e.g.*, *USC IP P'ship, L.P. v. Facebook, Inc.*, 20-CV-00555, 2021 WL 3134260, at *2 (W.D. Tex. July 23, 2021) ("Because USC's [] Complaint does not plead sufficient facts that would support an allegation of pre-suit knowledge, the Court GRANTS Facebook's motion to dismiss USC's pre-suit indirect and willful infringement claims."); *Atlas Glob. Techs., LLC v. Sercomm Corp.*, 638 F. Supp. 3d 721, 729 (W.D. Tex. 2022) (same).

In addition to dismissing Lionra's ***pre-suit*** indirect-infringement claims for failure to plead pre-suit knowledge of the patent-in-suit, CrowdStrike respectfully requests that the Court dismiss Lionra's ***post-suit*** indirect-infringement claims. Although some courts allow the

complaint itself to place the defendant on notice of the patent for post-suit indirect-infringement purposes, *see, e.g.*, *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 779-80 (W.D. Tex. 2022), CrowdStrike submits that the better view is that the Complaint itself is insufficient to provide such notice. *See Aguirre v. Powerchute Sports, LLC*, 10-CV-0702, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) ("To the extent Aguirre relies on knowledge of Aguirre's patent after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement.").

In *Sonos, Inc. v. Google LLC*, the court noted the district-court split and held that it would "not generally allow the complaint to serve as notice." 591 F. Supp. 3d 638, 646 (N.D. Cal. 2022), *leave to appeal denied*, No. 2022-134, 2022 WL 1486359 (Fed. Cir. May 11, 2022). The court found that Sonos failed to plausibly allege knowledge because it only provided the defendant notice of the alleged infringement less than twenty-four hours before filing the lawsuit:

> It is well known in this case that Sonos gave notice of infringement less than twenty-four hours before commencing this action in Texas. That was not enough time to provide an alleged infringer a meaningful opportunity to cease infringing or negotiate a license. It was not even enough time for counsel for the accused infringer to parse through the complaint (here a massive, eight-seven-page pleading concerning multiple patents). Sonos has the burden to plausibly plead adequate notice was given to assess the allegations of infringement in the complaint. Consequently, Sonos has not plausibly alleged Google had the requisite knowledge.

*Id.* at 646. Given this, the court granted the defendant's motion to dismiss Sonos' pre- and post-suit willful infringement and indirect-infringement claims. *Id.* at 649; *see also Splunk Inc. v. Cribl, Inc.*, 22-CV-07611, 2023 WL 2562875, at *4 (N.D. Cal. Mar. 17, 2023) ("In sum, Splunk's allegations are insufficient to plead pre-suit knowledge, as required for willful and

indirect patent infringement. The motion to dismiss as to Splunk's willful and indirect patent infringement claims against Cribl is therefore GRANTED.").

*Sonos* is consistent with the court's decision in *ZapFraud, Inc. v. Barracuda Networks, Inc.*, where the court noted that "the complaint itself cannot be the source of the knowledge required to sustain claims of induced infringement and willfulness-based enhanced damages." 528 F. Supp. 3d 247, 250 (D. Del. 2021) (citing cases). The *ZapFraud* court reasoned:

> "The purpose of a complaint is to obtain relief from an existing claim and not to create a claim." *Helios Streaming, LLC v. Vudu, Inc.*, 2020 WL 3167641, at *2 n.1 (D. Del. June 15, 2020). ZapFraud has identified, and I know of, no area of tort law other than patent infringement where courts have allowed a plaintiff to prove an element of a legal claim with evidence that the plaintiff filed the claim. The limited authority vested in our courts by the Constitution and the limited resources made available to our courts by Congress counsel against encouraging plaintiffs to create claims by filing claims. It seems to me neither wise nor consistent with principles of judicial economy to allow court dockets to serve as notice boards for future legal claims for indirect infringement and enhanced damages. I agree with Judge Andrews's statement in *Callwave Communications LLC v. AT&T Mobility LLC*, 2014 WL 5363741, at *1 (D. Del. Jan. 28, 2014), that "[t]here is a benefit to society if [a] matter is resolved without a suit." As Judge Andrews observed in *Callwave*, a pre-suit notice letter could very well lead "the patent holder and the asserted infringer [to] exchange information, and the asserted infringer might then take a license, or the patent holder might learn of reasons why suit should not be filed." *Id.*; *see also Proxyconn Inc. v. Microsoft Corp.*, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012) ("[R]equiring a Plaintiff to plead knowledge based on facts other than the filing of the present lawsuit furthers judicial economy and preserves parties' resources by encouraging resolution prior to filing a lawsuit. Pre-litigation attempts at resolution are especially desirable in patent cases, which are often expensive and thus resolved by settlement."). . . . .
> 
> Accordingly, in the absence of binding authority to the contrary from the Federal Circuit and Supreme Court, I will adopt the rule that ***the operative complaint in a lawsuit fails to state a claim for indirect patent infringement where the defendant's alleged knowledge of the asserted patents is based solely on the content***

> ***of that complaint or a prior version of the complaint filed in the
> same lawsuit***.

*Id.* at 251-52 (emphasis added).

Lionra's Complaint does not allege pre-suit knowledge of the patent-in-suit. Because CrowdStrike's relevant actions—e.g., the creation and release of the accused products—took place pre-suit, and Lionra pleads no pre-suit knowledge of the patent-in-suit, the Court should find that Lionra has not, and cannot, plausibly plead either pre- or post-suit indirect infringement and, therefore, dismiss Lionra's indirect-infringement claims.

### C. The Court Should Dismiss The Complaint For Improper Group Pleading

Lionra sued two CrowdStrike entities: (i) CrowdStrike Holdings, Inc. (a holding company) and (ii) CrowdStrike, Inc. (an operating company). Lionra defines both entities collectively as "Defendants" or "CrowdStrike" (Compl. at 1), and then proceeds to "group plead" against both entities without distinguishing what purported action each defendant took. *See* Compl. ¶¶ 1 ("This complaint arises from CrowdStrike's unlawful infringement . . ."), 10 ("Defendants make, use, offer for sale, sell, and/or import certain products, including without limitation CrowdStrike Falcon Platform . . ."), 12 ("By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendants have injured Plaintiff and are liable for infringement of the '441 Patent pursuant to 35 U.S.C. § 271(a).").

This type of "group" pleading in a complaint is improper, as it fails to give each defendant fair notice of the asserted claims. *See, e.g.*, *Childers v. Lifestyles Unlimited, Inc.*, 22-CV-2615, 2023 WL 3961702, at *4 (N.D. Tex. June 12, 2023) ("[T]he Court finds that Childers's complaint constitutes impermissible group pleading because it fails to offer any facts to distinguish her allegations against each of the three Lifestyles Entities. Because federal pleading requirements entitle ***each defendant*** to know what he or she did that is asserted to be

10

wrongful, allegations based on a theory of collective responsibility cannot withstand a motion to dismiss.") (emphasis in original) (citation and quotations omitted); *Gurganus v. Furniss*, 15-CV-03964, 2016 WL 3745684, at *5 (N.D. Tex. July 13, 2016) ("group pleading" against three defendants "fails to meet the pleading requirements of Federal Rule of Civil Procedure 8").[2] Accordingly, the Court should dismiss the Complaint for improper group pleading.

## IV. CONCLUSION

For these reasons, the Court should grant this Motion and dismiss the Complaint.

---

[2] *See also Stokes v. OneWest Bank, F.S.B.*, 14-CV-247, 2014 WL 5473193, at *3 (N.D. Tex. Oct. 28, 2014) ("[P]laintiffs' failure to distinguish and specify the acts purportedly committed by each defendant warrants dismissal of the amended complaint."); *Wash. v. U.S. Dept. of Hous. & Urban Dev.*, 953 F. Supp. 762, 770 (N.D. Tex. 1996) ("Plaintiff may not rely on such global allegations that Defendants, as a group, committed such acts or omissions."); *Betancourt v. New Century Mortg. Corp.*, 16-CV-01855, 2017 WL 6611117, at *3 (E.D. Cal. Dec. 27, 2017) ("When multiple defendants are named, a plaintiff must allege the basis of his claims as to each defendant—it is improper to simply lump defendants together."); *Canon U.S.A., Inc. v. F&E Trading LLC*, 15-CV-6015, 2017 WL 4357339, at *7 (E.D.N.Y. Sept. 29, 2017) ("It is well-established in this Circuit that plaintiffs cannot simply 'lump' defendants together for pleading purposes. Rule 8(a) is violated where a plaintiff, by engaging in 'group pleading,' fails to give each defendant fair notice of the claims against it.") (citation and quotations omitted); *Wilmington Tr. Co. v. Hellas Telecomms., S.à.r.l.*, 12-CV-8686, 2016 WL 7339112, at *10 (S.D.N.Y. Aug. 4, 2016) (noting that the court would have dismissed the complaint for "engaging in improper group pleading under Fed. R. Civ. P. 8(a)"); *Jamasek v. Acromed Corp.*, 95-CV-7095, 1995 WL 733466, at *1 (N.D. Ill. Dec. 8, 1995) (complaint constituted "an impermissible lumping together of plaintiffs and defendants").

| | |
|---|---|
| Dated: October 16, 2023 | Respectfully submitted,<br><br>/s/ Steven Callahan<br>STEVEN CALLAHAN<br>  Texas State Bar No. 24053122<br>  scallahan@ccrglaw.com<br>CHRISTOPHER T. BOVENKAMP<br>  Texas State Bar No. 24006877<br>  cbovenkamp@ccrglaw.com<br>**CHARHON CALLAHAN**<br>**ROBSON & GARZA, PLLC**<br>3333 Lee Parkway, Suite 460<br>Dallas, Texas 75219<br>Telephone: (214) 521-6400<br>Telecopier: (214) 764-8392<br><br>*Counsel for Defendants CrowdStrike*<br>*Holdings, Inc. and CrowdStrike, Inc.* |

## CERTIFICATE OF SERVICE

      I hereby certify that, on October 16, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel for Plaintiff:

Brett E. Cooper, Esq.
Seth Hasenour, Esq.
Drew B. Hollander, Esq.
Jonathan Yim, Esq.

*Counsel for Plaintiff*
*Lionra Technologies Ltd.*

STEVEN CALLAHAN